**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| *In re*: | |
| Sarah Saroja Kolla, | Case No. 17-32440-KRH |
| *Debtor*. | Chapter 13 Proceeding |
| | |
| SUZANNE E. WADE, Trustee | |
| *Plaintiff* | Adv. Proc. No.: |
| v. | |
| SARAH SAROJA KOLLA, | |
| *Defendant* | |

**COMPLAINT TO REVOKE DISCHARGE**
**PURSUANT TO 11 U.S.C. § 1328(e)**

Plaintiff, Suzanne E. Wade, Chapter 13 Trustee (the "Plaintiff" or "Trustee") for the Bankruptcy Estate of Sarah Saroja Kolla (the "Debtor"), by and through counsel, pursuant to Federal Bankruptcy Rule 7001(4) and 11 U.S.C. § 105 and § 1328(e) and for her Complaint to Revoke Discharge hereby represents as follows:

**Jurisdiction and Venue**

1. On or about May 11, 2017, the Debtor filed a voluntary petition (the "Bankruptcy Case") seeking relief pursuant to Chapter 13 of Title 11 of the United States Code (the "Code") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division.

---

Jennifer J. West, Esquire (VSB# 47522)
Spotts Fain PC
411 E. Franklin Street, Suite 600
Richmond, Virginia 23219
Phone: (804) 697-2000
Fax: (804) 697-2100
*Proposed Counsel for Suzanne E. Wade, Chapter 13 Trustee*
*for the Bankruptcy Estate of Sarah Saroja Kolla*

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 & 1409.

3. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§157(b)(2) & 1334. This matter is a "core" matter proceeding as set forth under 28 U.S.C. § 157(b)(2)(J).

4. The Trustee has standing to bring this action pursuant to 11 U.S.C. §§ 323, 541, 1302 and 1328.

## Parties

5. On May 12, 2017, Suzanne E. Wade was appointed as Chapter 13 Trustee.

6. The Plaintiff in this Adversary Proceeding is the duly appointed Chapter 13 Trustee appointed to administer this Bankruptcy Case.

7. The Defendant in this Adversary Proceeding is the Debtor, Sarah Saroja Kolla.

8. The Trustee has filed an Application Seeking Entry of an Order Authorizing Employment of Spotts Fain PC as special counsel to the Trustee in connection with this Adversary Proceed (Doc. No. 39).

## Facts and Allegations

9. The Debtor filed her original Schedules and Statement of Financial Affairs on May 11, 2017 (Doc. No. 1), with amended Schedules filed June 9, 2017 (Doc. No. 10) and April 29, 2019 (D0c. No. 21) (collectively the "Schedules").

10. In connection with the Schedules, the Debtor signed and filed Official Form 106Dec, whereby the Debtor declared, under penalty of perjury, that the Schedules were true and correct.

11. Approximately $75,000.00 in allowed unsecured claims were filed in the Bankruptcy Case.

12. The Schedules include a parcel of residential real property with an approximate value of $273,400.00, encumbered by a first mortgage with an approximate balance of $238,721.66, according to the allowed claim filed by the secured creditor, leaving a nominal amount of potential equity after accounting for costs of sale and liquidation.

13. The Schedules also disclose an interest in "Inheritance - father passed away August 2016 (any assets would be in India - unable to claim due to issues with US Citizenship as both her father and she is/were US Citizens)" (the "Inheritance"). The scheduled value of the Inheritance was "unknown."

14. The Schedules list no other substantial assets.

15. The Debtor filed a Chapter 13 Plan that provided for payments of $200.00 per month for 36 months, for total plan funding of $7,200.00 (the "Plan").

16. The Plan was confirmed by order of this Court on July 24, 2017.

17. The Plan paid approximately $346.47 to the unsecured creditors, equaling a payout of approximately one-half of one-percent of the allowed unsecured claims. The balance of the Plan payments were applied to secured claims and administrative expenses, including attorneys' fees.

18. The Order Discharging Chapter 13 Debtor was entered by this Court on October 8, 2020 (the "Discharge Order"), one year ago as of the date of the filing of this Adversary Proceeding.

19. The Trustee's Final Report was filed February 8, 2021 (Doc. No. 36).

20. The Bankruptcy Case was closed on February 10, 2021 (Doc. No. 37).

21. After the Discharge Order was entered, the Trustee discovered for the first time that the Inheritance may have substantial value to the Debtor and that the disclosures made in the

Schedules may have been misleading both in terms of the value of the Inheritance and the Debtor's access to and control over the Inheritance.

22. The Trustee first learned that there might be an issue related to the Debtor's disclosures in connection with the Inheritance on or about August 8, 2021 when the Debor's sister, Nalina Gudimetta ("Ms. Gudimetta") contacted the Trustee's office by phone (the "Initial Inquiry").

23. In response to the Initial Inquiry, the Trustee conducted a preliminary investigation, including requests for information from Debtor's counsel and a request for documentation or written information from Ms. Gudimetta. No additional information was received in response to the Trustee's preliminary investigation.

24. On or about August 23, 2021, Ms. Gudimetta submitted a written complaint/inquiry to the U.S. Trustee's Office, detailing the Debtor's attempts to administer the Inheritance to the possible prejudice of her siblings (the "UST Inquiry"). A true copy of the UST Inquiry is attached hereto as **Exhibit 1**.

25. The Trustee received a copy of the UST Inquiry from the U.S. Trustee's Office on or about September 21, 2021, and at that time the Trustee again made inquiry of the Debtor, through her counsel, for more information related to the Inheritance, its potential value and the Debtor's access to and control over the Inheritance. To date, the Debtor has failed and/or refused to provide any additional information in response to the Trustee's requests for information.

26. Upon information and belief, the Inheritance is an asset of the Estate, subject to administration and inclusion in any liquidation analysis conducted in connection with determining the Debtor's qualification for discharge in Chapter 13.

27. The Trustee has been unable to ascertain the true value of the Inheritance due to the Debtor's continued failure/refusal to provide information, despite repeated requests for information.

28. The Trustee submits that the Debtor obtained her discharge through fraud upon this Court due to her failure to fully and accurately disclose the value and availability of the Inheritance.

29. Upon information and belief, the Debtor's failure to fully and accurately disclose the value and availability of the Inheritance allowed the Debtor to avoid paying substantially more, and perhaps 100%, to the allowed unsecured claims in the Bankruptcy Case, had the Trustee and the Court been aware of the value of the Inheritance originally disclosed with an "unknown" value and an indication that the Debtor had no ability to claim or benefit from the Inheritance.

30. The Trustee did not know of this fraud until sometime on or around August 23, 2021. The Trustee has made a good faith effort to investigate the allegations presented in the Inquiry, but due to the Debtor's refusal to provide information, the Trustee has limited information related to the actual value of the Inheritance.

31. Upon information and belief, the Debtor is not entitled to her discharge because she obtained it by deliberately failing to fully and properly disclose all of her assets to the Court.

32. The Trustee files this Complaint to preserve the rights of the Trustee, the U.S. Trustee's Office, and this Court to further evaluate the Inheritance and the Debtor's actions in connection with her failure to fully and accurately disclose its potential value to the Bankruptcy Estate.

33. The Trustee reserves all of her rights to amend this Complaint as new information is obtained through discovery or other means of investigation related to the Inheritance and the

Debtor's actions in connection with the Inheritance and the actions taken by the Debtor in her Bankruptcy Case.

34. The Trustee has filed a Motion to Reopen Case which is pending before this Court (Doc. No. 38).

WHEREFORE, the Trustee prays that this Court enter an Order revoking the Debtor's discharge entered in this case on October 8, 2020 pursuant to 11 U.S.C. § 1328(e) and for such other and further relief as this Court deems just and proper.

          Suzanne E. Wade, Chapter 13 Trustee for the Bankruptcy Estate of Sarah Saroja Kolla

          By: /s/ Jennifer J. West
              Counsel

Jennifer J. West, Esquire (VSB# 47522)
Spotts Fain PC
411 E. Franklin Street, Suite 600
Richmond, Virginia 23219
Phone: (804) 697-2000
Fax: (804) 697-2100
*Proposed Counsel for Suzanne E. Wade, Chapter 13 Trustee*
*for the Bankruptcy Estate of Sarah Saroja Kolla*